IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 3:06cr126-WHA |
| ) | |
| JOHN JENNINGS, II ) | |

**MOTION TO SUPPRESS STATEMENTS**
**(Evidentiary Hearing Requested)**

COMES NOW the Defendant, John Jennings, II, by and through undersigned counsel, Kevin L. Butler, and moves to suppress any statements given by Mr. Jennings on April 25, 2006 or in response to police questioning in this case.

**Facts**

Mr. John Jennings II is 23 years old and mentally retarded. He was enrolled in special education courses until the age of 20. His verbal intellectual quotient (IQ) has been determined to be, at best, 76. Mr. Jennings' thought process is often tangential and "Mr. Jennings will struggle when faced with lengthy or detailed verbal explanations of various issues." See Docket #19, BOP Forensic Psychiatric Report at p.7.[1] He is capable of understanding some written information if it is presented to him in a simplistic way and simplistic terms. Id. However, to help insure comprehension, when possible, pictures and charts should be used when communicating with him. Id.

On April 25, 2006, Mr. Jennings was arrested by United States Postal Inspectors on suspicion

---

[1] The defense is still attempting to locate and retrieve a complete set of Mr. Jennings' mental health and academic records. However, Mr. Jennings was arrested in Houston, Texas and all relevant documents and records are located outside of the Middle District of Alabama.

that Mr. Jennings used the mail or other means involving interstate commerce to knowingly induce a minor, who had not attained the age of 18 years, to engage in sexual activity. While in law enforcement custody, Mr. Jennings was extensively questioned regarding the suspected criminal conduct. In response to this interrogation, Mr. Jennings provided incriminating statements. Though allegedly advised of his *Miranda* rights prior to questioning, because of his intellectual limitations, Mr. Jennings had no knowledge of the rights he was waiving and subsequently did not provide a knowing and voluntary statement. Therefore, the defense respectfully requests the statement(s) be suppressed.

## Discussion

In *Miranda v. Arizona*, 384 U.S. 436, (1966), the Supreme Court ruled that a person in police custody must be advised of his right to remain silent and his right to the assistance of counsel prior to interrogation. Those rights can be waived, but the *Miranda* waiver must be knowing and voluntary. *Moran v. Burbine*, 475 U.S. 412 (1986). In order to determine if the waiver was knowingly and voluntarily executed, the court must first determine whether (1) the waiver was the product of free will and deliberate choice and not intimidation, coercion or deception or voluntary and (2) whether the individual was aware of both the nature of the right being abandoned and the consequences of the decision to abandon the right knowing and intelligent.

In this case, Mr. Jennings executed a *Miranda* waiver and then provided a statement.[2] However, the *Miranda* waiver was neither voluntary nor knowingly and intelligently provided.

I.    Mr. Jennings' *Miranda* waiver was not voluntary

---

[2] There is no indication from the discovery that the statement itself was involuntary. However, the defense reserves the right to raise this issue if testimony indicates the statement itself was coerced.

2

The 11th Circuit has held if the police take advantage of an individual's mental limitations in order to secure a *Miranda* waiver, the waiver is not voluntary. *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995). In this case, the police took advantage of Mr. Jennings' mental limitations. Mr. Jennings' demeanor and manner clearly and objectively present an individual who has limited mental functioning, is easily confused, and easily manipulated. A law enforcement officer with any experience in human behavior would recognize that Mr. Jennings is not able to understand or comprehend a written document outlining constitutional rights and protections. Though Mr. Jennings may not have protested signing the *Miranda* waiver, the police knew he did not understand the document or the ramification of executing the waiver. Therefore, the waiver was not voluntary. In addition to being involuntary, the statement was not knowingly and intelligently provided.

II.    Mr. Jennings' Miranda waiver was not knowingly or intelligently provided

In addition to being voluntary, a *Miranda* waiver must also be knowingly and intelligently executed. In determining whether a *Miranda* waiver is knowingly and intelligently executed, the court must look at the defendant's intellect, age, experience and education. *Miller v. Dugger*, 838 F.2d 1520 (11th Cir. 1988). In this case, Mr. Jennings, at best, has a verbal I.Q. of 76; he had been enrolled in special education courses his entire life; and he is in need of charts and illustrations to understand lengthy or complex verbal explanations. In additional to being manipulated by law enforcement, Mr. Jennings had no knowledge or understanding of the *Miranda* waiver he executed.

## Conclusion

For the reasons set forth above, Mr. Jennings respectfully requests the statement(s) provided on April 25, 2006 be suppressed.

Respectfully submitted,

3

        <u>s/ Kevin L. Butler</u>
        KEVIN L. BUTLER
        First Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: kevin_butler@fd.org
        AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v.   ) | Case No.: 3:06cr126-WHA |
| ) | |
| JOHN JENNINGS, II   ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                            Respectfully submitted,

                                            s/ Kevin L. Butler
                                            KEVIN L. BUTLER
                                            First Assistant Federal Defender
                                            201 Monroe Street, Suite 407
                                            Montgomery, Alabama 36104
                                            Phone: (334) 834-2099
                                            Fax: (334) 834-0353
                                            E-mail: kevin_butler@fd.org
                                            AZ Bar Code: 014138