**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    3:06-CR-126-WHA** |
| | ) | |
| **JOHN JENNINGS, II** | ) | |

### RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files its response to Defendant's Motion to Suppress, filed on or about September 20, 2006, as follows:

1.    Defendant moves to suppress statements (oral and written) given on or about April 25, 2006 or in response to police questioning in this case, in violation of the Fifth Amendment of the United States Constitution.

2.    Defendant maintains that he is mentally retarded and when questioned by law enforcement after being advised of his Miranda rights, he had no knowledge of the rights he was waiving and therefore did not provide a knowing and voluntary waiver and statement.

### FACTS

3.    On April 25, 2006, at approximately 10:00 a.m. federal law enforcement approached the defendant at the Greyhound Bus Terminal in Houston, Texas. At approximately 10:15 a.m. the defendant was taken into custody. At approximately 10:20 a.m. the defendant was provided a copy of IS Form 1067, Warning and Waiver of Rights (Attachment A), and was verbally apprised of those rights. At approximately 10:22 a.m., the defendant indicated his understanding and waiver of his rights by signing the Waiver.

The defendant then gave an oral statement to law enforcement. At the conclusion of the interview the defendant provided a written statement to law enforcement which reiterated the facts and details he had previously given orally.  (Attachment B)

4.      On 31, 2006, pursuant to an Order of the court, a Forensic Report was filed with the Court in this case. (Document 19.) The Report concluded, in part, that the defendant does not suffer from any major physical impairment, does not suffer from any substance abuse, does not demonstrate any signs or symptoms of a major mental illness requiring psychological or psychiatric intervention, does fall within the borderline range of intellectual functioning (76), and is not mentally retarded.

## DISCUSSION

5.      The government agrees with and adopts defendant's interpretation of the Supreme Court case <u>Miranda v. Arizona</u>, 384 U.S. 436, (1996). Further, the government concedes that at the time the oral and written statements were provided, the defendant was in custody and subject to interrogation by federal and state law enforcement. The government also agrees with and adopts defendant's statement that he executed a Miranda waiver, provided an oral statement and then provided a written statement.

6.      The only question, it seems, left to the Court, is whether the waiver executed, was, at the time it was executed, knowing, intelligent and voluntary.

**Jennings statements were voluntary, knowing and intelligent**

7.      The Supreme Court has explained that whether a suspect voluntarily waived the right to remain silent is, while considering the totality of the circumstances, a two-part inquiry: first, did the suspect waive his right voluntarily, in the sense that the waiver was the

product of a free and deliberate choice rather than intimidation, coercion, or deception; second, the suspect must have been aware of both the nature of the right being abandoned and the consequences of the decision to abandon it. Moran v. Burbine, 475 U.S. 412 (1986). In the present case defendant makes no claim that the interrogating officers lied to him, intimidated him, or offered anything to him in an effort to dupe or coerce him in to giving a statement therefore, the first part of the inquiry, set out in Moran, is met.

8.    The defendant argues that the second part of the inquiry is not met because law enforcement took advantage of his "mental limitations" and, "...knew he did not understand the document or the ramification of executing the waiver." The defendant cites the case of United States v. Barbour, 70 F.3d 580,585 (11th Cir.1995) which considered the implications of a suspect's mental illness on the question of voluntariness of his waiver. However, the defendant fails to point out the cases of Coleman v. Singletary, 30 F.3d 1420 (11th Cir. 1994), in which the 11th Circuit held that the fact that a suspect is suffering from a mental illness, or depression, does not render a confession involuntary unless there is "official" exploitation of the suspect's condition, and Moore v. Dugger, 856 F.2d 129, 134-35, (11th Cir. 1988), in which the Court held valid a waiver by a mentally handicapped defendant with an I.Q. of 62 and the functional intellectual capacity of an 11 year-old because he appeared calm, responsive, and able to understand questions.

9.    In the present case, there exists no, "...signs or symptoms of a major mental illness that would require psychological or psychiatric intervention." (Doc. 19 , p.4.) Though the defendant was diagnosed as borderline intellectual functioning, the defendant is not mentally retarded and can understand information that is presented to him in a simplistic,

concrete manner. (Doc. 19, p.9 -10.)

10.    The warning and waiver of rights form used by law enforcement in this case, was read to and by the defendant. The words are simplistic and concrete and the defendant indicated his understanding of the warning and his rights pursuant to the Fifth Amendment to the Constitution of the United States. The defendant's assertion that the waiver was involuntary because officers knew he did not understand the document or the ramifications of executing it, is false and not supported by the Forensic Report, the documents or the facts of the case.

11.    Finally, the waiver was knowingly and intelligently executed. The defendant is 22 years old, has held several jobs, graduated from high school, completed a ministry program and became an ordained minister. Additionally, the defendant has had prior contact with law enforcement and tests show that he has a clear understanding of the charges against him, the roles of courtroom personnel, a rational understanding of various legal decisions, and demonstrated..." an ability to express his views, while at the same time considering alternative information and possibilities." (Doc. 19, p.8.) The Waiver and Explanation of rights form consists of simple words and phrases. The documents are neither lengthy nor complex and the defendant's own written statement indicates his understanding and willingness to make a statement. (See Attachment B p.1.)

12 .    Based on the foregoing, the United States respectfully requests this Court deny Defendant's Motion to Suppress Statements.

4

Respectfully submitted, this the 16th day of October, 2006.


                              LEURA GARRETT CANARY
                              UNITED STATES ATTORNEY

                              /s/ Susan R. Redmond
                              SUSAN R. REDMOND
                              Assistant United States Attorney
                              Post Office Box 197
                              Montgomery, Alabama 36101-0197
                              334.223-7280
                              334.223.7135   fax
                              susan.redmond@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    3:06-CR-126-WHA** |
| | ) | |
| **JOHN JENNINGS, II** | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following: Kevin L. Butler.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135   fax
susan.redmond@usdoj.gov