IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No.: 2:06cr126-WHA |
| ) | |
| JOHN JENNINGS    ) | |

**OBJECTIONS TO RECOMMENDATION OF MAGISTRATE JUDGE**

COMES NOW the Defendant, John Jennings, by and through Kevin L. Butler, Esq., and submits the following Objections to the Recommendation of the Magistrate Judge.

In his Recommendation, the Magistrate Judge correctly identifies and outlines the relevant facts and discusses the legal principles and supporting case law that must guide a determination/analysis of whether a person in police custody voluntarily, knowingly and intelligently waives his *Miranda* rights. However, the defense objects to the factual findings made in support of each of these principles and the Magistrate Judge's conclusion that the *Miranda* waiver was knowingly and intelligently provided by Mr. Jennings.[1]

**I)** **The evidence and testimony clearly established that the police were aware of Mr. Jennings' limitation and manipulated Mr. Jennings into executing a *Miranda* wavier**

Though the Magistrate Judge correctly discusses applicable law, he incorrectly concludes Mr. Jennings was not manipulated into executing the *Miranda* waiver. The defense concedes there has

---

[1] The suppression issues presented revolve entirely upon this Court's determination of the facts and circumstances of the interrogation and this Court's determination of Mr. Jennings' intellect. Therefore, if the Court is not satisfied with the factual record developed, a *de novo* factual hearing may be warranted so as to allow the District Court an independent opportunity to assess Mr. Jennings' intellect and his ability to voluntarily, knowingly and intelligently waive his *Miranda* rights.

been no evidence presented indicating that any physical force or physical coercion was applied to Mr. Jennings during the interrogation. However, if the police take advantage of an individual's mental limitations in order to secure a *Miranda* waiver, the waiver is not voluntary. *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995).

Mr. Jennings was questioned by Jeff Arney, a United States Postal Inspector and police officer with seventeen (17) years of law enforcement experience. (TR1, pp. 4-6). During this questioning, Mr. Jennings' demeanor and manner clearly and objectively presented an individual who has limited mental functioning, is easily confused, and easily manipulated. (TR2 - pp. 13-17)[Dr. Boyer discusses how she could observe Mr. Jennings having difficulty understanding and comprehending questions and reverts into fantasy when giving responses to questions]; (TR2- pp. 34) [Dr. Boyer discusses how she could observe Mr. Jennings' inability to read/interpret correctly social situations or his surroundings]; FBR Report p. 5 [Dr. Dana discusses her (or her staff's) observations of Mr. Jennings engaging in the socially unacceptable conduct of masturbating in public]).

Because of Inspector Arney's seventeen (17) years of experience observing human behavior, he recognized and understood Mr. Jennings' clear inability to understand or comprehend the nature or circumstances of his arrest or the written document outlining his constitutional rights and protections. Therefore, though Mr. Jennings may not have protested signing the *Miranda* waiver or consent form, the police knew at the time the documents were executed that Mr. Jennings did not understand the document or the ramification of executing the waivers. Therefore, the waivers were not voluntary.

**II)** **The evidence and testimony clearly established that Mr. Jennings did not knowingly or intelligently waive his *Miranda* rights**

In the recommendation, the Magistrate Judge correctly discusses the applicable law governing an analysis of whether a *Miranda* waiver is knowing and intelligent. The Magistrate Judge also thoroughly discusses the psychological testimony of defense expert, Dr. Boyer, and government expert, Dr. Dana (of the Federal Bureau of Prisons). However, the Magistrate Judge incorrectly determines that the evidence and testimony presented demonstrates that under the totality of the circumstances, Mr. Jennings knowingly and intelligently waived his *Miranda* rights.

The recommendation is extremely thorough in recounting the expert testimony presented at the suppression hearing. Therefore, undersigned counsel will not belabor this pleading by repeating all the information. However, the recommendation omits and does not reference the critical conclusions of Dr. Boyer. Specifically, the recommendation does not reference the fact that Dr. Boyer concluded and testified that Mr. Jennings: 1) was not able to understand the nature or the *Miranda* warnings or consent to search forms or 2) understand the ramifications of executing the forms. (TR2- p.36).

The Magistrate Judge's conclusion is essentially independent of the evidence presented at the suppression hearing and not supported by the extensive record which he thoroughly discusses. As the Magistrate Judge's recommendation is not supported by the evidence produced at the suppression hearing, this Court must conclude that Mr. Jennings did not knowingly and intelligently waive his *Miranda* rights.

**III)** <u>**Conclusion**</u>

Though the Magistrate Judge correctly discusses the applicable legal principles and thoroughly discusses the psychiatric testimony presented, he erroneously concludes Mr. Jennings knowingly and voluntarily waived his *Miranda* rights. The evidence and testimony establish that: 1) while in police custody, law enforcement was aware of Mr. Jennings' mental limitations and took advantage of these limitations to obtain a *Miranda* waiver and 2) Mr. Jennings did not have the ability to knowingly and intelligently waive his *Miranda* rights. Therefore, the statements and consent form provided by Mr. Jennings must be suppressed.

Dated this 15th day of March 2007.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:06cr126-WHA |
| | ) | |
| JOHN JENNINGS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138