IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.:   3:06-CR-126-WHA |
| | ) | |
| JOHN JENNINGS, II | ) | |

**RESPONSE TO COURT'S ORDER**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Court's Order of April 16, 2007, ordering the United States to respond to the Defendant's Objections to the Recommendation of Magistrate Judge (Doc. 61.) filed on March 15, 2007. In response the United States answers as follows:

1. Defendant filed a Motion to Suppress on September 20, 2006, moving to suppress statements (oral and written) given on or about April 25, 2006, or in response to police questioning in this case, in violation of the Fifth Amendment of the United States Constitution, and a search of the Defendant's person and bag.

2. United States Magistrate Judge Wallace Capel, Jr. issued a Recommendation (Doc. 59.) on March 2, 2007, finding that based on the facts, argument, and law, the Motions to Suppress were due to be denied.

3. The Defendant filed an objection to the Recommendation in which he argues: (1) that the evidence and testimony clearly established that the police were aware of Jennings' limitations and manipulated Jennings into executing a *Miranda* waiver; and, (2) that the evidence and testimony clearly established that Jennings did not knowingly or intelligently waive his *Miranda* rights.

**Clarification**

4. The United States filed no objections to the Recommendation of the Magistrate Judge but does wish to clarify the following:

(a) At page 1, footnote 1, of the Recommendation, the Court states that the defendant relinquishes his motion as to the search of a computer belonging to his father. The United States believes that testimony provided, established that the computer belonged to the defendant's step-father, now estranged from the defendant's mother.

(b) At page 6 of the Recommendation, the Court states that the defendant had a diagnosis of Post Traumatic Stress Disorder (PTSD), when in fact, the defendant received a provisional diagnosis of PTSD based solely on *his* statement that he had been abused, was nervous, and unable to establish sound sleep habits.

**Discussion**

5. The Defendant concedes that the Magistrate Judge correctly outlines the relevant facts and discusses the legal principles and supporting case law that must guide a determination/analysis of whether a person in custody voluntarily, knowingly and intelligently waives his *Miranda* warnings. (Doc. 61 -1.)

*Police Action*

6. The Defendant argues that the evidence clearly establishes that the police manipulated the Defendant into executing the *Miranda* waiver, though he concedes that no physical force or physical coercion was utilized. (Doc. 61-1,2.) Instead, the Defendant argues that Detective Arney (Arney), with years of experience observing human behavior, recognized and understood the Defendant's clear inability to understand or comprehend

the nature or circumstances of his arrest or the written document outlining his constitutional rights and protections.(Doc.61-2.) Further, the Defendant argues that Arney knew at the time the documents were executed that the Defendant did not understand the document or the ramification of executing the waivers, which would render the waivers involuntary.(Doc. 61-2.)

7.  The Magistrate Judge correctly evaluated the testimony and evidence before him, including the testimony of Arney, the evaluation conducted by the Bureau of Prisons, and the testimony of Dr. Boyer. Specifically, the Court had before it the testimony of Arney that the Defendant did not appear to suffer from any handicap during his conversations with law enforcement, the failure of Dr. Boyer to establish that any of the questioning agents would know that the Defendant suffered from any limited mental functioning, and her admission that the defendant would not have verbalized his failure to understand the questions put to him. The government points out that at no point during Arney's conversations with the Defendant did the Defendant revert into fantasy, as reported by Dr. Boyer; in fact, according to Arney's testimony, the Defendant indicated he was able to read and write, able to comprehend what the agent was saying to him and provided accurate identifying information based on questions put to him. (TR -15-17.) Further, the Defendant could be said to have bolstered the Agents belief of competency by executing a handwritten recitation/confession of his involvement with the minor victim. Simply put, there was nothing in the Defendant's manner, conversation, or writings which gave Arney pause, let alone actual knowledge, that the Defendant suffered from any deficiency.

8.  The Magistrate Judge correctly relies on U.S. v. Barbour, 70 F.3d 580, 585 (11th Cir.1995) in stating," 'The fact that a defendant suffers from a mental disability does

not, by itself render a waiver involuntary; there must be coercion by an official actor.' Thus the fact that defendant was functioning in the borderline range, with possible PTSD, does not render his statements involuntary unless Arney, or the questioning detectives, took advantage of his limited abilities."

9. Absent proof that Arney knew of the Defendant's "limited abilities", the Court cannot make a finding that Arney coerced the Defendant, and said proof has not been established, nor does it exist. Therefore, the findings of the Magistrate Court were correct.

*Jennings' knowing and intelligent waiver*

10. The Defendant states that the Magistrate Judge correctly discusses the applicable law governing an analysis of a knowing and intelligent waiver of *Miranda* and thoroughly discusses the psychological testimony presented by Dr. Boyer and Dr. Dana. However, the Defendant argues the Recommendation omits and does not reference Dr. Boyers' conclusions that Jennings: (1) was not able to understand the nature or (sic) the Miranda warnings or consent to search forms or (2) understand the ramifications of executing the forms.(Doc 61-3.) Therefore, the Defendant concludes the Magistrate Judge's conclusions are independent of the evidence presented and not supported by the record.(Doc 61-3.)

11. The Magistrate Judge clearly includes and references Dr. Boyer's conclusions. *See* Doc. 59 at 5-6:

> "She concluded, based on her testing, defendant's statements and the language in particular forms he was read, that it was unlikely that defendant fully comprehended the literal meaning of his Miranda rights and, more importantly, the implications of waiving them. (TR 22, 29-30) Dr. Boyer indicated that defendant did not understand the ramifications of executing the waiver of rights, the nature of the waiver he was executing, or the consent form he signed for the search of his property.(TR 32-33)"

Also *See* Doc. 59 at 12:

"Conversely, even though Dr. Boyer agreed that defendant was capable of understanding information presented to him in a more simplistic concrete way (TR 91-92), she did not believe that he understood his "right" to have a lawyer prior to questioning, or during questioning (TR 70), or that he understood the *Miranda* forms that he signed. (TR 71-72)"

Also *See* Doc. 59 at 14:

"On the instant case, because the experts disagree, a choice must be made."

12. The Magistrate Judge clearly considered the testimony and final conclusions of Dr. Boyer in reaching his recommendation that the Motions to Suppress are due to be denied. Therefore, based on the foregoing, the United States respectfully requests this Court overrule Defendant's Objections, adopt the Recommendation of the Magistrate Judge and deny Defendant's Motions to Suppress Statements and Search.

Respectfully submitted, this the 26th day of April, 2007.

          LEURA G. CANARY
          UNITED STATES ATTORNEY

          /s/ Susan R. Redmond
          SUSAN R. REDMOND
          Assistant United States Attorney
          Post Office Box 197
          Montgomery, Alabama 36101-0197
          334.223-7280
          334.223.7135   fax
          susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.:  3:06-CR-126-WHA |
| | ) | |
| **JOHN JENNINGS, II** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin L. Butler.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ Susan R. Redmond
    SUSAN R. REDMOND
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334.223-7280
    334.223.7135   fax
    susan.redmond@usdoj.gov