IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06-CR-126-WHA |
| | ) | |
| JOHN JENNINGS, II. | ) | |

**MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and requests that the Court reconsider its' Memorandum Opinion and Order as to the Court's finding that the defendant's Motion to Suppress Statements be denied, and as grounds states as follows:

1. The facts of this case have been set out more fully in the Recommendation of the Magistrate Judge (Doc. 59) and the United States had/has no objections to the findings of fact by Judge Capel, nor the brief re-statement of facts by the District Court.

2. Judge Capel found that the United States proved that the defendant's Waiver of *Miranda* rights was voluntary, and recommended that the motions to suppress (statements and searches) be denied.

3. The District Court found that the defendant's Motion to Suppress Searches (Doc. 26) should be and was ordered denied.

4. The District Court found that the defendant's Motion to Suppress Statements (Doc. 27) should be and was ordered granted.

5. The District Court found that no conflicting expert testimony as to the defendant's ability to understand his *Miranda* rights existed as Dr. Dana did not give an opinion and Dr. Boyer

did.(Doc. 64 at page 6)

6.     Dr. Boyer's testimony is set out, in relevant part, in the District Court's Memorandum Opinion and Order at 6-7, and the Court concludes based on the fact that the United States offered no expert evidence testimony conflicting with Dr. Boyer's and based on the "persuasive reasoning" of United States v. Sutton, No. 8:04cr325-T-17TBM, 2007 WL 705044 (M.D. Fla. March 2, 2007), that defendant's *Miranda* waiver was not "knowing and intelligent".

7.     In *Sutton*, a forensic psychologist administered standardized tests, reviewed medical records and conducted personal interviews of the defendant in reaching her conclusion that defendant suffered from mental retardation that would not permit him to understand the *Miranda* warnings, the significance of the *Miranda* warnings or the effect of his abandonment of the *Miranda* warnings, and that therefore the defendant's waiver of his *Miranda* warnings was not knowing and intelligent. The Court agreed and sustained the defendant's Motion to Suppress Statements.

8.     In the present case, Dr. Boyer did not review any medical records that established that defendant suffered from a mental disease or defect to such an extent that he could not understand the *Miranda* warnings, did conduct standardized tests and interviews, in which the defendant understood his *Miranda* warnings (Tr. 2 at page 85:25-86:2 and 106:17-9.) She, unlike the doctor in Sutton, concludes, without reason or base and contrary to her clinical examinations, that Jennings did not understand the *Miranda* warnings. In fact, under direct questioning of Judge Capel, Dr. Boyer confirms that she has no basis for her conclusions. (Tr.2 at pages 101:23-102:16.) Therefore, Judge Capel was free, in considering the baseless testimony of Dr. Boyer, to conclude that an expert opinion not based upon sufficient facts and data, not the product of reliable principles and methods, and not having applied the principles and methods reliable to the facts of the case (Federal Rule of

Evidence 702) to discount what amounts to nothing more than subjective, non-scientific, baseless testimony by Dr. Boyer. In fact, in reading Dr. Boyer's testimony, she states that she, "...question['s] whether he really understood..." that he did not have to talk to police.(Doc. 64 at page 6) Reading that statement alone, it is clear that Dr. Boyer's expert opinion, based on nothing more than her subjective views, is in such conflict with the reliable principles and methods used to form a true expert forensic psychological opinion, that she hesitates to give an opinion.

9.  Judge Capel, in evaluating the testimony of Dr. Boyer, Dr. Dana and Inspector Arney, and in viewing the defendant in open court, had the unique ability to evaluate the facts of the case. The United States contends that Judge Capel's finding that the defendant's waiver was knowing and voluntary should be adopted by the Court and the defendant's Motion to Suppress Statements should be denied.

Based on the above, the Government requests that the Court amend its' Memorandum Opinion and Order to deny Jennings' Motion to Suppress Statements.

Respectfully submitted this the 19th day of June, 2007.

                                         LEURA G. CANARY
                                         UNITED STATES ATTORNEY

                                         /s/ Susan R. Redmond
                                         SUSAN R. REDMOND
                                         Assistant United States Attorney
                                         Post Office Box 197
                                         Montgomery, AL 36101-0197
                                         334.223.7280
                                         334.223.7135 fax
                                         susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06-CR-126-WHA |
| | ) | |
| **JOHN JENNINGS, II** | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on June19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin L. Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, AL 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov